# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 4:05-CR-37 CAS |
| v. | ) | |
| | ) | |
| TAM TARIAH, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on several related motions: Defendant Tam Tariah's pro se motion entitled "Complete Breakdown of Communication between Defendant and Legal Counsel," a second pro se motion entitled "Motion: Ineffective Assistance of Counsel," and a motion to withdraw filed by defendant's appointed counsel, Mr. Brian S. Witherspoon.

Defendant alleges that the communications between himself and Mr. Witherspoon have completely broken down, and that Mr. Witherspoon misled defendant during Court proceedings and withheld evidence from defendant. See Motion entitled "Complete Breakdown of Communcation Between Defendant and Legal Counsel." Defendant asks the Court to appoint him substitute counsel from outside the Federal Public Defender's Office.

In the motion to withdraw, Mr. Witherspoon asserts that the attorney-client relationship is "irretrievably broken" and moves that the Office of the Federal Public Defender be allowed to withdraw as counsel for defendant. The government has responded to Mr. Witherspoon's motion, asserting it should be denied because defendant's motion does not sufficiently allege or demonstrate a conflict of interest, irreconcilable conflicts, or complete breakdown in the communications between defendant and counsel.

The Eighth Circuit has recently discussed the standard to be applied in considering motions for appointment of new counsel:

> Whether to grant a motion for new counsel is a matter committed to the sound discretion of the district court. <u>See</u> <u>United States v. Swinney</u>, 970 F.2d 494, 499 (8th Cir.1992). A defendant must show justifiable dissatisfaction with appointed counsel in order to be granted a substitute. <u>See</u> <u>id.</u> Justifiable dissatisfaction sufficient to warrant new counsel includes 'a conflict of interest, an irreconcilable conflict, or a complete breakdown in communication between the attorney and the defendant.' <u>Id.</u> (quoting <u>Smith v. Lockhart</u>, 923 F.2d 1314, 1320 (8th Cir.1991)). The proper focus in evaluating claims of dissatisfaction with counsel is on the quality of the advocacy, <u>see</u> <u>Wheat v. United States</u>, 486 U.S. 153, 159, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988), for the right to counsel does not include a right to a 'meaningful relationship' with counsel. <u>Swinney</u>, 970 F.2d at 499.

<u>United States v. Exson</u>, 328 F.3d 456, 460 (8th Cir.), <u>cert.</u> <u>denied</u>, 540 U.S. 1011 (2003).

With this standard in mind, the Court finds that the record in this case indicates a complete breakdown in communication between the attorney and the defendant. Defendant's pro se motions and the motion to withdraw filed by appointed counsel will be granted, and substitute counsel appointed by separate order.

Accordingly,

**IT IS HEREBY ORDERED** that the defendant's motions for appointment of counsel and Mr. Witherspoon's motion to withdraw are **GRANTED**. [Doc. 41, 43, 44]

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __2nd__ day of September, 2005.